IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALAN LAWRENCE SHELBY, ) <br> ) <br> ) <br> Defendant. ) | CASE NOS. 3:94-cr-00380-JO <br> 3:16-cv-01268-JO <br><br> OPINION AND ORDER |

JONES, Judge:

This matter comes before the Court on Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [# 31]. For the reasons set forth below, I DENY Defendant's Motion.

## BACKGROUND

In 1995, defendant Alan Shelby (Shelby) pleaded guilty to a superseding information that charged him with, among other things, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Prior to his guilty pleas in this case, Shelby had four prior Oregon state

1- Opinion and Order

convictions and one federal conviction that the government relied on at sentencing in pursuing the ACCA sentencing enhancements: three Robbery I convictions in Lane County; a Robbery II conviction in Crook County; and, a Conspiracy to Manufacture, Possession With Intent to Distribute and Distribution of Methamphetamine conviction in Oregon Federal District Court. I sentenced Shelby to 180 months on the felon in possession charge pursuant to the ACCA mandatory minimum sentence. Shelby did not appeal his conviction or sentence.

In 2015, the United States Supreme Court held that "imposing an increased sentence under the residual clause of [ACCA] violates the Constitution's guarantee of due process." *United States v. Johnson (Johnson II)*, 135 S. Ct. 2551, 2563 (2015). A year later, the Court made its ruling retroactive. *Welch v. United States*, 136 S. Ct. 1257 (2016). Thereafter, Shelby filed this Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255. Specifically, Shelby contends that once the Supreme Court invalidated the residual clause of the ACCA, his three prior Robbery I convictions no longer qualify as "violent felonies" under the ACCA. Thus, he now lacks the three prior "violent felony" convictions required for the imposition of the ACCA sentencing enhancements. He asks to be resentenced.

In response, the Government argues that Shelby was sentenced pursuant to the "force clause" of the ACCA and not the now invalid residual clause, and that Shelby's Robbery I convictions are "violent felonies" pursuant to the ACCA.

## DISCUSSION

### 1. Sentencing Enhancements Under the ACCA

A person who has previously been convicted of "a crime punishable for a term exceeding one year" may not possess or receive any firearm or ammunition, "which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g) A person who violates §

922(g) and has three qualifying prior convictions for a violent felony or serious drug offense is subject to imprisonment of not less than 15 years, regardless of the statutory maximum for the offense. Under § 924(e)(2)(B), the term "violent felony" means any crime that: "(i) has as an element the use, attempted use or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]" In *Johnson II,* the Supreme Court held that the last portion of § 924(e)(2)(B)(ii), commonly known as the residual clause, is void for vagueness. Thus, in order for a person to be subject to the ACCA enhancement the prior felony convictions must either include the use, attempted use or threatened use of physical force ("force clause") or be burglary, arson, extortion or one that involves the use of explosives ("enumerated list".) Three of Shelby's prior convictions are for Robbery I and if Robbery I is not a "violent felony" under the ACCA, then he will not have three qualifying prior convictions. As Robbery I is not included in the enumerated list, I must determine if Shelby was sentenced pursuant to the residual clause, and if so, whether his convictions qualify as a violent felonies under the force clause for purposes of the ACCA.

### 2. Was Shelby sentenced under the residual clause?

The government argues that Shelby has not met his burden to prove that he was sentenced pursuant to the now unconstitutional residual clause. *See, Simmons v. Blodgett,* 110 F.3d 39 (9th Cir. 1997). Neither party points to any evidence in the record to prove I relied on the residual clause when imposing the sentence. "[W]hen it is unclear whether a sentencing court relied on the residual clause in finding that a defendant qualified as an armed career criminal, but it may have, the defendant's § 2255 claim 'relies on' the constitutional rule

announced in *Johnson II*." *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017). But, "it may be possible to determine that a sentencing court did not rely on the residual clause--even when the sentencing record alone is unclear—by looking to the relevant background legal environment at the time of sentencing." *Geozos*, 870 F. 3d at 896.

For that, the government points to an unpublished Ninth Circuit case, *United States v. Varnado*, 952 F.2d 1400 (9th Cir. 1992), in which, three years prior to my sentencing of Shelby, the Ninth Circuit reversed a sentence imposed by Judge Redden for the identical crime. The Court stated: "Varnado's prior Oregon conviction[] for first-degree robbery . . . qualif[ies] as [a] violent felon[y] under the Armed Career Criminal Act because [it] ha[s] 'as an element the use, attempted use, or threatened use of physical force against the person of another....'18 U.S.C. § 924(e)(2)(B)(i)."

I am not persuaded by the government's argument. I would have been aware of the unpublished Ninth Circuit opinion in one of two instances: if the opinion resolved one of my cases; or, if at the time of sentencing, one of the parties brought the opinion to my attention. As *Vardano* fits neither of these situations, pursuant to *Geozos*, I must assume the sentencing relied on the residual clause. However, that assumption is of no help to Shelby because, as set out in the next section, I find Robbery I constitutes a "violent felony" under the ACCA.

### 3. Determining Whether Robbery I Constitutes a Violent Felony Under the ACCA

In deciding whether a previous conviction qualifies as a violent felony under the ACCA, a court engages in a process that involves up to three steps. *United States v. Cisneros*, 826 F.3d 1190, 1193 (9th Cir. 2016) (citing *Descamps v. United States*, 133 S. Ct. 2276 (2013)).

First, the court examines the elements of the state predicate offense to determine whether the conviction qualifies as a violent felony under the ACCA. *United States v. Dixon*, 805 F.3d 1193, 1195 (9th Cir. 2015). In doing so, the court must "presume that the conviction rested upon nothing more than the least of the acts criminalized." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684–85 (2013) (internal quotation marks omitted). If the state statute's elements are "the same as, or narrower than, those included in the ACCA's definition of violent felony," a violation of the statute is "categorically a violent felony under the ACCA." *Dixon*, 805 F.3d at 1195 (internal quotation marks omitted) (citing *Descamps*, 133 S. Ct. at 2281). If the state statute criminalizes conduct beyond the reach of a violent felony, however, the statute is overbroad, requiring the court to move on to step two. *Dixon*, 805 F.3d at 1196.

At step two, the court considers whether the statute is "divisible" or "indivisible." *Cisneros*, 826 F.3d at 1193. A divisible statute is one that "sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile." *Descamps*, 133 S. Ct. at 2281. A statute worded in the disjunctive is not necessarily divisible. *Dixon*, 805 F.3d at 1198. Rather, in order to be divisible, the statute must supply "multiple, alternative elements of functionally separate crimes," as opposed to "multiple, alternative means" of the same crime. *Dixon*, 805 F.3d at 1198; *Rendon v. Holder*, 764 F.3d 1077, 1085–86 (9th Cir. 2014). When the statute is overbroad and divisible, the court moves on to step three of the analysis. *Cisneros*, 826 F.3d at 1193. If the statute is overbroad and indivisible, the court's inquiry ends because "a conviction under an indivisible, overbroad statute can *never* serve as a predicate offense." *Cisneros*, 826 F.3d at 1193.

At step three, the court applies a "modified categorical approach," which allows the court to "examine certain documents from the defendant's record of conviction to determine what

elements of the divisible statute he was convicted of violating." *Cisneros*, 826 F.3d at 1193. If the court determines that a defendant was convicted under a portion of the state statute that also "meets the ACCA's definition of 'violent felony,'" then the statute can serve as a valid predicate for the ACCA's sentence enhancement. *Dixon*, 805 F.3d at 1196.

### a. *Step One: Whether Oregon's Robbery I Statute is Overbroad*

Robbery is not included on the enumerated list. Accordingly, Robbery I can be a violent felony under the ACCA only if it contains as an element the use or threatened use of violent force.

Under Oregon statutory law, a person commits Robbery I by committing Robbery III[1] and: "(a) is armed with a deadly weapon; or (b) [u]ses or attempts to use a dangerous weapon; or (c) [c]auses or attempts to cause serious physical injury to any person...." Or. Rev. Stat. Ann. § 164.415.

Looking at the text of the statute, there is a "realistic probability" that state officials would apply this statute to conduct that falls outside the ACCA's requirement of violent force. *See Mocrieffe*, 133 S. Ct. at 1685. One can imagine scenarios in which a person could commit Robbery I with minimal force while being "armed with a deadly weapon." *See* Or. Rev. Stat. § 164.415; *Dunlap*, 162 F. Supp. 1106, 1114 (D. Or. 2016) (citing *State v. Johnson*, 168 P.3d 312 (Or. App. 2007)). For example, a person with a gun concealed in his or her pocket, might approach a victim who is walking a bicycle down a road, grab the bicycle and ride off. Even

---

[1] Under ORS § 164.395:
(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle as defined in ORS 164.135 the person uses or threatens the immediate use of physical force upon another person with the intent of:
    (a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or
    (b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle.

though the bicycle thief's actions would constitute Robbery I under subsection (a), it is difficult to argue that the actions meet the definition of "physical force" under the "force clause" of the ACCA as set out in *Johnson v. United States*, 130 S. Ct. 1265, 1271 (physical force defined as "force capable of causing physical pain or injury to another person"). For that reason, Oregon's Robbery I statute criminalizes conduct that is broader than that covered by the force clause, making the statute overbroad.

### b. *Step Two: Whether Oregon's Robbery I Statute is Divisible*

Because Robbery I is overbroad, I must determine whether the statute is divisible. Specifically, I must decide whether the statute sets out separate elements as opposed to separate means of committing the crime. To make this decision, I look to Oregon state law. *Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016).

In *United States v. Ankeny*, 2017 WL 722580 (D. Or. 2017), Judge Mosman held that Oregon's Robbery II statute was overbroad and divisible. The court looked at the statute and Oregon Supreme Court case law, specifically *Oregon v. White*, 211 P.3d 248, 250 (Or. 2009) and determined that the different sections of the Robbery II statute set out different elements that involve proof of different facts. *Ankeny*, 2017 WL 722580 *4. I find Judge Mosman's analysis to be applicable to the Robbery I statute. A defendant can be found guilty of committing Robbery I under § 164.415 (a) by being armed with a deadly weapon, or (b) by using or attempting to use a dangerous weapon or (c) by causing or attempting to cause serious physical injury to a person. The facts required to prove guilt under each subsection are unique to that subsection. To prove Robbery I subsections (a) or (b) requires evidence of a weapon, a fact not necessary under subsection (c).

In addition, when state law fails to provide clear answers on the divisibility of a statute, courts may also consult the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge...." *Shepard v. United States*, 544 U.S. 13, 16, (2005), *Mathis*, 136 S. Ct. at 2256-57. The purpose is to provide sentencing judges with a tool to determine reliably not what specific conduct was the basis for a particular crime as a factual matter, but rather what type of conduct is generally represented by an underlying conviction as a legal matter.

Here, all three Lane County Robbery I indictments state Shelby "did unlawfully and knowingly use and threaten the immediate use of physical force upon [victim] and was armed with..." in the first case, a handgun, in the second, a pistol, and in the third, a rifle. [#42, Ex.C, pp. 1, 5, 9] The indictments make no reference that Shelby caused or attempted to cause serious physical injury as would be required in subsection (c). This provides further support that the statute is divisible. *Mathis*, 136 S. Ct. at 2257. ("[A]n indictment ... could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime.")

In addition, Oregon's pattern criminal jury instructions make clear that the Robbery I statute sets out separate elements as opposed to separate means of committing the crime. Section (5) of the instructions requires a jury to find one of the following elements:

        11A was armed with a deadly weapon
        11B used a dangerous weapon
        11C attempted to use a dangerous weapon
        11D caused serious physical injury to [*victim's name*]
        11E attempted to cause serious physical injury to [*victim's name*]

The text of the statute combined with the record documents show Robbery I to be divisible.

Thus, I move to step three to determine what elements of Robbery I Shelby was convicted of violating.

### c. Step Three: Modified Categorical Approach

Because Robbery I is overbroad and divisible, I apply the modified categorical approach at step three to "determine what elements of the divisible statute he was convicted of violating." *Cisneros*, 826 F.3d at 1193. The Lane County indictments show that Shelby was convicted under subsection (b) of § 164.415 rather than subsection (a) or (c) in all three Robbery I cases. The question then is whether the use or attempted use of a dangerous weapon converts the force required under Robbery I to violent force as required by the ACCA.

"[U]se" of "physical force" necessarily encompasses threatening the immediate use of a *deadly* weapon. Purposely threatening another with what is perceived to be a deadly weapon is threatening the victim with "physical force," as that phrase is defined in *Johnson I*. *See, United States v. Castleman*, 134 S.Ct. 1405, 1415 (2014) ("That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *Castleman*, 134 S. Ct. at 1415).

Shelby relies on *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016), in which the Ninth Circuit held that armed robbery under Massachusetts law did not constitute a "violent felony" under the ACCA. But, *Parnell* is distinguishable. The Massachusetts armed robbery statue requires only that a defendant commit a robbery while in possession of weapon--the weapon need not be used nor even displayed. In ruling that the force required under the Massachusetts statute did not satisfy the requirement of physical force under the ACCA, the Ninth Circuit noted, "[t]here is a material difference between the presence of a weapon, which produces a risk of violent force, and the actual or threatened use of such force. Only the latter falls within ACCA's force clause." *Parnell*, 818 F.3d at 980. Here, the indictments clearly show

not only that Shelby was armed with a deadly weapon, but threatened to use the weapon. Shelby's Robbery I convictions qualify as violent felonies under the ACCA.

4. **Relief Under 28 U.S.C. § 2241**

In his reply brief [# 51], Shelby argues that he should be granted relief under 28 U.S.C. § 2241, claiming that because his ACCA sentence has been rendered unlawful by intervening Supreme Court precedent, he is "actually innocent" of the sentencing enhancement. This argument has no merit because none of Shelby's prior convictions has been disqualified as predicate offenses for the ACCA sentencing enhancement.

## CONCLUSION

Based on the foregoing, Shelby's Motion [#31] is DENIED. All other pending motions are DENIED as MOOT.

IT IS SO ORDERED.

Dated this ____ 14th day of June, 2018.

_____
Robert E. Jones, United States District Court Judge